SHAW, Judge,
dissenting.
The responsibility of the district court of appeal on review of administrative action is to determine whether there is substantial competent evidence to sustain the agency’s action. Boyette v. State, Professional Practices Council, 346 So.2d 598 (Fla. 1st D.C.A. 1977); § 120.68(10), Florida Statutes (Supp. 1978). The court’s reversal of agency action granting unemployment compensation benefits is predicated upon its conclusion that Davis is guilty of misconduct defined as:
Conduct evidencing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee
The conduct resulting in discharge occurred during an alcoholic relapse. Critical to a review of the appeal referee’s decision to grant benefits is a determination of whether the record contains competent substantial evidence to support a conclusion that the alcohol-induced conduct of Davis was nonvolitional. Ann McBride, the supervisor on whose recommendation Davis was fired, testified that her recommendation was based upon his continued drinking *1338 after being told to desist; his failure to report for work, and his refusal to take treatment.
Supportive of the referee’s determination to award benefits was the testimony of Mrs. McBride, the mental health nurse; Mr. Jacobson, the clinic director, and Mr. Speece, program administrator. A fair capsulization of their testimony reflects their concurrence in the American Medical Association’s conclusion that alcoholism is an illness. Their aggregate testimony further supports the conclusion that once an alcoholic takes his first drink he must continue to drink and is no longer in control of his actions. The logical conclusion to be drawn from such testimony is that once Davis began drinking his behavior towards his employer was neither deliberate, willful or wanton, but rather conduct wholly consistent with that of an imbibing alcoholic; conduct that should have been expected by a clinic that employs and deals in the treatment of alcoholics.
The majority opinion relies, in part, upon the court’s determination that termination of employment for work-related misconduct is not precluded simply because the grounds of that misconduct are related in some manner to the employee’s resumption of drinking. This approach, in my opinion, misses the issue. No one questions the clinic’s right to fire a disruptive or unmanageable employee. The employer’s election to fire the employee does not, however, automatically disqualify the employee relative to unemployment compensation entitlement. The disqualification must be based upon a showing that the employee has willfully engaged in disqualifying conduct. The present record supports the referee’s conclusion that once Davis began drinking his illness exacerbated and his conduct towards his employer was neither deliberate, willful or wanton and it therefore afforded no basis for disqualification.
Medical opinion is divided on whether the alcoholic’s first drink is volitional. Courts, in attempting to come to grips with the issue, are equally divided. California has concluded that it is a factual determination to be made by the trier of fact. Jacobs v. California Unemployment Insurance App. Bd., 25 Cal.App.3d 1035, 102 Cal.Rptr. 364 (1972). This position is apparently adopted by Florida as evidenced by the agency’s promulgation of Rule 8B-2.17(5)(d), FAC. Minnesota, on the other hand, takes the position that it is unrealistic to think that an alcoholic will maintain total abstinence. In reversing agency action denying unemployment benefits the Minnesota court states:
. This finding by the Commissioner ignores the nature of the disease of alcoholism and is predicated on the belief that once an alcoholic begins treatment he is able to control his actions. Alcoholism is a chronic illness characterized by remissions and exacerbations. Given the nature of the disease, it is unreasonable to require the employee to maintain total abstinence even after he enters treatment.
Moeller v. Minnesota Dept. of Transp., 281 N.W.2d 879 (Minn.1979).
By ignoring the volitional or nonvolitional aspect of the appellee’s conduct, this court appears to take a third approach; one of strict accountability. This, in my opinion, runs counter to the public policy underlying enactment of unemployment compensation law and the liberal construction to be accorded the claimant for whose benefit it exists. Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3rd D.C.A. 1963); Post-Times Company v. Turner, 123 So.2d 359 (Fla. 1st D.C.A.1960). Under the majority approach, an alcoholic employee who has a relapse and is discharged for disruptive conduct will invariable be denied unemployment compensation.
I find the agency action in this instance supported by competent substantial evidence and see no reason to disturb the referee’s decision.